## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:20 cv 2475-NYW

DEBORAH LAUFER,

Plaintiff,

v.

RANDALL J. LOOPER, and
CYNTHIA C. LOOPER d/b/a Elk Run Inn,

Defendants.

---

## MOTION TO STRIKE PLAINTIFF'S NOTICE OF PENDENCY AND TO SHOW CAUSE

---

Defendants, pursuant to D.C.COLO.LCIVR 3.2, respectfully move the Court to strike Plaintiff's Notice of Pendency (Dkt. #4) because Plaintiff filed at least sixteen (16) other cases in this District, and 275 nationwide, related to the instant matter, and to show cause as to why it is not a Federal Rule Civil Procedure 11(c)(3) violation.  In support, Defendants state as follows:

### CERTIFICATE OF CONFERRAL

1.      Pursuant to D.C.COLO.LCIVR 7.1(a), the undersigned counsel represents he discussed the relief requested in this Motion with Plaintiff's counsel who opposed the relief requested.

### MOTION

2.      Plaintiff filed her Complaint on August 18, 2020.  (Dkt. #1.)

3.      Over an approximate four-week period, between July 27 and August 31, 2020,

Plaintiff filed sixteen (16) other Complaints in this District.  (Exhibit A.)

4.      Similarly, over the past 18 months, Plaintiff filed approximately 275 similar cases throughout the United States in various Federal District Courts.   (Exhibit B.) ("Plaintiffs' Complaints" – also to include Plaintiff's Complaints filed in this District.)

5.      Each of Plaintiff's Complaints are identical except the names of websites allegedly at-issue and contained in Paragraph 11 of each Complaint.  (*See*, e.g., Complaint at ¶ 11.)

6.      The Court's Local Civil Rules require Plaintiffs to provide "notice identifying all cases pending in this or any other federal, state, or foreign jurisdiction that are related to the case." (D.C.COLO.LCivR 3.2(a).)   "Related cases" are those having "common facts and claims" and either "(1) have at least one party in common" or "(2) are filed serially or collectively as a group by the same attorney or law firm." *Id*.

7.      Each of Plaintiffs' Complaints are "related" under the meaning of Local Rule 3.2 because they have common facts, common claims, and the Plaintiff in common.  They are also all filed in each Federal District Plaintiff targeted "serially or collectively as a group by the same attorney or law firm."  For example, Plaintiff filed 17 related cases in this District over the course of approximately four weeks.  (*See* Exhibit A.)

8.      By stating "the instant action is not related to any pending or closed civil or criminal action previously filed in the Court, or any other Federal or State Court, or administrative agency," Plaintiff's Notice of Pendency is a violation of Local Rule 3.2 and should be stricken.

9.      Further, Defendants request the Court, pursuant to F.R.C.P. 11(c)(3), order Plaintiff's counsel to show cause as to why the filing of Plaintiff's Notice of Pendency did not violate Rule 11(b), which requires Plaintiff's Notice of Pendency to have "evidentiary support"

for its factual contentions; to be "warranted by the evidence" for factual denials; and not to be "presented for any improper purpose."

10.      If the Court finds Plaintiff's counsel violated Rule 11, it requests reasonable attorney's fees for having to file the instant motion and communicate with opposing counsel regarding the same.  (F.R.C.P. 11.)[1]

11.      Relatedly, on September 25, 2020, the undersigned communicated with Plaintiff's counsel regarding the aforementioned violations of Local Rule 3.2 and F.R.C.P. 11 before filing the instant motion.  In response, Plaintiff's counsel disagreed with Plaintiff's position, indicating none of Plaintiff's lawsuits had common facts with any of the other suits she filed.

12.      To the contrary, Plaintiff's Complaints each contain identical factual allegations (¶¶ 1-5) and identical claims (¶¶ 6-27), aside from the approximate 2-3 websites revised in each Complaint to name those allegedly under the relevant Defendant's control.

13.      Plaintiffs' Complaints thus contain the exact same descriptions of Plaintiff's background and alleged website access issues, her legal basis (ADA Title III) for filing (including Counts I and II), factual contentions, and requests for relief – all filed by the same counsel or firm for Plaintiff.  Put simply, Plaintiffs' Complaints are "boilerplate filings" and therefore inevitably all "related cases" as Local Rule 3.2 contemplates.

WHEREFORE, Defendants respectfully request this Court strike Plaintiff's Notice of Pendency and order Plaintiff's counsel to show cause as to why Rule 11(c)(3) was not violated, in

---

[1] Rule 11(c)(4) allows for reasonable attorney's fees "directly resulting from the violation" which would be appropriate in this case.  Defendants run a small inn located in Craig, Colorado and were impacted heavily by the Covid-19 pandemic, not unlike the other Defendants in this District. Plaintiff's counsel's conduct in future, simar cases should be deterred via such sanctions.

addition to attorney's fees for having to file the instant motion for relief.

Respectfully submitted October 21, 2020

THE WORKPLACE COUNSEL

*s/ Stephen Rotter*
Stephen Rotter
1401 Lawrence Street, Suite 1600
Denver, Colorado  80202
303.625.6400
stephen@theworkplacecounsel.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will electronically serve all parties.

_s/ Stephen B. Rotter_
Stephen B. Rotter