# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02475-NYW

DEBORAH LAUFER,

Plaintiff,

v.

RANDALL J. LOOPER and
CYNTHIA C. LOOPER d/b/a Elk Run Inn,

Defendants.

---

## MOTION TO DISMISS FOR LACK OF STANDING OR
## FAILURE TO STATE A CLAIM

---

Defendants, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectfully move the Court to dismiss this case for lack of subject matter jurisdiction due to lack of standing, or alternatively, failure to state a claim. In support, Defendants state as follows:

**I.  STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Plaintiff filed her Complaint on August 18, 2020. (Dkt. #1).

2. Over an approximate four-week period, between July 27 and August 31, 2020, Plaintiff filed sixteen (16) other Complaints in this District. (Exhibit A).

3. Similarly, over the past 18 months, Plaintiff filed approximately 484 similar cases throughout the United States in various Federal District Courts. (Exhibit B) ("Plaintiffs' Complaints" – also to include Plaintiff's Complaints filed in this District).

4. Each of Plaintiff's Complaints are nearly identical except for the names of websites

allegedly visited by Plaintiff and controlled by Defendants, and various non-substantive phrasing and statements.

5. In her Complaint, Plaintiff alleges the following material facts relevant to this Motion:

a. Plaintiff is a Florida resident, wheelchair bound, has limited hand use, and is visually impaired. (Complaint at ¶ 1).

b. Defendants "own[] a place of lodging known as Elk Run Inn" in Craig, Colorado, which is requires compliance with 28 C.F.R. § 36.302(e) (the "Regulation"), and Defendants maintain an online reservations system that fails to meet these requirements. (*Id.* ¶¶ 3, 7, 10–11).

c. The specific websites Plaintiff visited and alleges Defendants own or control which "do not compl[y] with the Regulation" are:

   i. https://eldoralodge.com/
   ii. https://reserve4.resnexus.com
   iii. www.expedia.com
   iv. www.hotels.com
   v. www.orbitz.com
   vi. www.agoda.com

(*Id.* at ¶ 11).

d. For each of these websites, Plaintiff claims she did not have the option to book a room "because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible." *Id.*

6. Plaintiff's two causes of action allege violations of: a. Title III of the Americans with Disabilities Act ("ADA Title III"); and b. Section 24-34-601(2)(a) of the Colorado Anti-Discrimination Act, C.R.S. § 24-34-301 *et seq.* ("CADA"). (Complaint at ¶¶ 22-27).

7. Plaintiff's claims rest on her allegations that Defendants' "online reservations system ("ORS" aka "website") does not meet the requirements of 28 CFR § 36.302(e), and CADA's parallel provisions, which provide, in summary, that "[a] place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party" allow an individual to: a. make reservations, including for any rooms which may be accessible; b. identify any accessible features at the hotel; c. ensure accessible guest rooms are held, if any; d. reserve accessible guest rooms, if any; and e. guarantee the reservation of a specific accessible guest room, if any. (Complaint at ¶ 8; 28 CFR § 36.302(e)(1)).

## II. LEGAL ARGUMENT

### A. PLAINTIFF LACKS STANDING AND THEREFORE SUBJECT MATTER JURISDICTION DOES NOT EXIST.

Article III, § 2 of the U.S. Constitution limits federal jurisdiction to "cases and controversies." Challenges to subject matter jurisdiction are typically lodged in one of two ways: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) evidence challenging actual facts upon which subject matter jurisdiction is based. *See e.g., Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 1995) and *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). When a Rule 12(b)(1) motion challenges certain facts underlying the case, the Court may not presume as true the complaint's factual allegations, and has wide discretion to allow affidavits and other documents to resolve disputed jurisdictional fact. *Sizova v. National Institute of Standards and Technology*, 282 F.3d 1320, 1324 (10th Cir.

2002). When a defendant raises the issue of subject matter jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists in the federal courts. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Standing to sue "is a threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Article III standing requires (1) an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). When "a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Laufer v. Laxmi & Sons*, 2020 WL 2200207, at *2 (N.D.N.Y. May 6, 2020)[1] (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).

An injury in fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id*. at 560. "A plaintiff must show she "sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct and that the injury or threat of injury must be both real and immediate." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal citations omitted).

A plaintiff cannot establish standing by alleging discrimination "upon visiting a hotel's website [she] does not intend to visit." *Laufer v. Mann Hospitality, LLC*, 2020 WL 6018945, at *4 (W.D. Tex. Sept. 30, 2020). (Order at Exhibit C) (*citing Rizzi v. Hilton Domestic Operating Co., Inc.*, 2019 WL 5874327 (E.D.N.Y. July 18, 2019). Instead, Plaintiff has to show that her alleged injury is "concrete and particularized," by demonstrating a likelihood of personally encountering the property and the ADA Title III violations she alleges exist; she cannot merely

---

[1] Order attached as Exhibit D.

gather information on the internet to demonstrate standing to sue.

Intent to return to (or visit for the first time) the place of injury "some day…without any description of concrete plans" is insufficient. *Leo Combat, LLC v. United States Dep't of State*, 2016 WL 6436653, at *7 (D. Colo. Aug. 29, 2016) (dismissing case for lack of standing in part because plaintiff did not "allege sufficient facts for this court to conclude that its plans are concrete, rather than aspirational."); *see also Lujan*, 504 U.S. at 564 (finding intent to visit the place of alleged injury "some day" is insufficient for standing purposes.).

### 1. Plaintiff's Alleged Injury is not Concrete or Particularized.

"For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1). To be "concrete" an injury "must actually exist": the injury must be "real" and not "abstract." *Id*. Generally, "even in the context of a statutory violation," "a bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. *Id*. at 1549–50.

Plaintiff's allegations are not particularized nor concrete. At no point does Plaintiff allege, demonstrate, or evidence she has any real plan to travel to Colorado to Defendants' hotel. (Complaint at ¶¶ 11-12). Instead, Plaintiff's alleged injury is completely abstract; she speculates that she may "revisit" Defendants' website perhaps to "test it" or to "reserve a guest room." (*Id*.) Plaintiff does not allege she visited Defendants' hotel and was impacted by lack of accessibility, nor that she reserved a room and intended on traveling to Defendants' hotel at some particular date where should would encounter certain barriers, or that she traveled to Craig, Colorado, and reasonably assessed the Elk Run Inn for ADA Title III violations and she will return. *See e.g.*,

*Laufer,* 2020 WL 6018945, at *5 (Exhibit C).

In *Laufer*, the plaintiff, Deborah Laufer (the same plaintiff as in this case), filed a lawsuit against Mann Hospitality, LLC d/b/a Sunset Inn alleging violations related to the Title III of the ADA for the purported reason that websites containing information about defendant's hotel were not in compliance with the ADA. *Id.* The United States District Court for the Western District of Texas found Ms. Laufer had no standing to bring suit because she failed to demonstrate an "actual or imminent" injury that is not merely "conjectural or hypothetical," or that she had "concrete plans" to patronize the business the future. *Id.* Similar to *Laufer*, Plaintiff did not allege she is affected in any personal or individual way by allegedly visiting websites identified by her in this action, nor did she provide any allegations to suggest she routinely visits Craig, Colorado, or has any relationship with the Elk Run Inn. Because Plaintiff's Complaint contains no allegations to support an actual injury-in-fact, Plaintiff does not have standing to bring the present suit, and her Complaint should be dismissed.

**2. Plaintiff Does Not Have a Real or Immediate Threat of Injury.**

Additionally, even assuming Plaintiff could establish a "concrete and particularized" injury, no "real and immediate threat of repeated injury" exists.

First, Plaintiff cannot meet the four factors Courts typically consider when determining if a Plaintiff is likely to return to an area alleged to be in violation of ADA Title III: a. "(1) the proximity of the defendant's business to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business, (3) the definiteness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant." *Laufer,* 2020 WL 6018945, at *4 and n. 2 (Exhibit C).

Here, Plaintiff lives over 2,000 miles from Defendants' place of lodging; does not claim or provide any evidence to show she ever visited Defendants' hotel or Craig, Colorado, or plans to do so in the future; and does not appear to have ever visited Moffat County, Colorado. It is also objectively reasonable to conclude that in the midst of our nation's current Covid-19 pandemic, that Plaintiff ever intended to travel over 2,000 miles from Pasco County, Florida, to Defendants' hotel in Craig, Colorado, especially because she appears to be in a high risk category based on her difficulty walking, washing her hands, wheelchair reliance, moving about, and need to frequently touch surfaces. (Complaint at 1.) The belief that she would visit Defendants' hotel becomes even less concrete, and exponentially more theoretical, based on her lawsuits filed against 17 different Colorado hotels and approximately 275 establishments nationwide – it defies logic and reason that she actually intended to visit all of these establishments over the past 18 months.

Second, to the extent Plaintiff may claim she is deterred from booking a room and staying at the Elk Run Inn due to accessibility requirements, she is mistaken. The Elk Run Inn website states that potential guests can contact the Inn to discuss accommodations and make reservations. (*See* www.elkruninn.com.)[2] Plaintiff at any time could have called Elk Run Inn to perform all of the action she claims she was not able to perform online. (Complaint at ¶ 11.) In this regard, she is not injured, and will not be injured in the future, more than any other individual who visits Defendants' website, and is also reasonably accommodated by having another means to make

---

[2] As discussed below in Defendants' argument for failure to state a claim, Plaintiff did not name Defendants' website, but another website unrelated to Defendants. For purposes of standing, however, Defendants request the Court take judicial notice of the Elk Run Inn website contents to find a threat of injury does not exist because it meets the requirements imposed by 28 CFR § 36.302(e)(1).

reservations as provided by 28 CFR § 36.302(e)(1): "A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by **telephone**, in-person, or through a third party…." (emphasis added). The website therefore provides the same means and information for those with disabilities as those without disabilities to use the telephone to: a. make reservations, including for any rooms which may be accessible; b. identify any accessible features at the hotel; c. ensure accessible guest rooms are held, if any; and d. guarantee the reservation of a specific accessible guest room, if any. (Complaint at ¶ 8); *see* 28 CFR § 36.302(e)(1).

Defendants respectfully request the Court dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction.

### B. PLAINTIFF FAILED TO STATE A CLAIM.

With respect to a Rule 12(b)(6) motion for failure to state a claim, the Court's function is not to weigh potential evidence the parties may present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim. *See Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1201 (10th Cir. 2003). All well-pleaded allegations of the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 492 F.3d 1210, 1215 (10th Cir. 2007). However, a court need not accept conclusory allegations, such as those made about a defendant's business or financials. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). And, a claim is subject to dismissal if it fails to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To determine whether a claim is plausible, the Court first must discard all averments in the complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Id*. at 1949-50. Then, the Court must take as true the remaining, well-pleaded factual contentions, and ascertain whether those facts, along with the law, support a claim that is "plausible" and not merely "conceivable" or "possible." *Id.* at 1950-51. The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

When subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case, the jurisdictional claim and the merits are considered to be intertwined, and it is proper for the court to characterize and rule on the motion as if it were for summary judgment. *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987).

The basis for Plaintiff's federal court jurisdiction in this matter is "28 CFR Section 36.302(e)(1)." (Complaint at ¶¶ 5 and 8). Plaintiff's state claim is based on CADA's parallel ADA Title III provision. (Complaint at ¶¶ 22-27). However, because (a) Defendants do not own or otherwise control www.eldoralodge.com, the website Plaintiff rests her claims on, and (b) Defendants' website does not violate ADA Title III, the Court should dismiss Plaintiff's Complaint.

### 1. Defendants Do Not Own or Control the Website Allegedly Visited by Plaintiff.

Plaintiff's Complaint is based on the assertion that the website www.eldoralodge.com is owned or otherwise controlled by Defendants in this matter and that such website is in violation of ADA Title III and CADA. (Complaint at ¶¶ 11, 19-27.) Because Plaintiff cannot establish the Defendants are liable in any way for the website allegedly visited, this lawsuit should be dismissed.

Similarly, the other five (5) websites named by Defendants are third-party vendors deriving

lodging information from across the world wide web and property owners to make lodging available through their own websites. Because the property at-issue, i.e., these websites, is not Defendants' place of lodging or website, Plaintiff's arguments fail related to these websites as well. Plaintiff's Complaint therefore is based on erroneous conclusory allegations about Defendants' business, is not legally sufficient to state a claim, and should be dismissed.

### 2. Defendants' Website Does Not Violate ADA Title III or CADA.

Even if Plaintiff were to amend her Complaint to name Defendants' website, she cannot state an ADA Title III violation, or related state law claim under CADA, because Defendants' website is not in violation of ADA Title III.

As detailed above, 28 CFR § 36.302(e)(1) provides that a place of lodging shall allow an individual making a reservation, whether by "telephone, in-person, or through a third party…" to make and guarantee accessible room reservations, if any, and to identify the hotel's accessible features. (Complaint at 8); 28 CFR § 36.302(e)(1). The Elk Run Inn website clearly directs individuals to telephone the hotel and discuss any required accommodation or special needs. Thus, Plaintiff cannot show the same harm she alleges in her Complaint exists against Defendants and her Complaint should be dismissed with prejudice.

### III. DEFENDANTS REQUEST AN AWARD OF ATTORNEY'S FEES AND COSTS IN THEIR FAVOR.

"Whenever any action or suit is dismissed in any district court ... for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919. "Section 1919 is permissive, allows the district court to award 'just costs' and does not turn on which party is the 'prevailing party.'" *Deutsch v. Abijaoude*, 2017 WL 913813, at *6 (W.D. Tex. Mar. 7, 2017); *see also MacIntyre v. JP Morgan Chase Bank, N.A.*, 2019 WL 5084091, at *2 (D. Colo. Oct. 10, 2019),

*aff'd*, 2020 WL 5415818 (10th Cir. Sept. 10, 2020) (Section 1919 "does not prohibit the Court from ordering payment of reasonable attorneys' fees.")

Defendants request reasonable attorney's fees and cost for defending the instant action. Defendants are a husband and wife of moderate means who have owned and operated the Elk Run Inn for decades and are a staple of the community. They are law-abiding citizens suffering economic and emotional damages as a result of this unnecessary and costly lawsuit. Plaintiff could have reached out to Defendants in a fraction of the time and cost it took to lodge the instant matter and discuss whether any accessibility barriers existed at their place of lodging. Instead, Plaintiff filed the instant matter without warning and immediately thereafter provided three options for settlement via a stock email similar to ones sent to other Defendants sued in this District by Plaintiff. This suit is one of seventeen that the Plaintiff has brought to date in Colorado, and one of 275 she has brought across the country. "Drive-by" or "surf-by" ADA lawsuits are too often filed for the purpose of bullying Defendants into paying sums of money rather than for the purposes for which ADA Title III was enacted.[3] Defendants respectfully request that this matter be dismissed and they are made whole for their economic damages while they repair their image and reputation in the community.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's Complaint for lack of standing, or, in the alternative, for failure to state a claim and award Defendants their reasonable attorney's fees and costs incurred in the defense of this matter.

Respectfully submitted October 21, 2020.

---

[3] *See e.g.,* https://www.forbes.com/sites/realspin/2017/12/14/congress-should-take-action-on-ada-drive-by-lawsuits/#1c8687a6f6fa; https://www.westword.com/news/hit-with-drive-by-ada-lawsuit-this-colorado-restaurant-owner-is-hitting-back-11379404; https://www.denverpost.com/2020/10/02/ada-compliance-lawsuits-colorado/; and https://www.lexology.com/library/detail.aspx?g=9c56c8d2-3be5-46af-8872-cb62544388ed.

THE WORKPLACE COUNSEL

*s/ Stephen Rotter*
Stephen Rotter
1401 Lawrence Street, Suite 1600
Denver, Colorado  80202
303.625.6400
stephen@theworkplacecounsel.com

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will electronically serve all parties.

*s/ Stephen B. Rotter*
Stephen B. Rotter