```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

             CASE NO. 10-80779-CIV-ZLOCH
```

ACCESS 4 ALL, INC. and
JOE HOUSTON,

        Plaintiffs,

vs.                       **O R D E R**

PARTNERS OF KINGS POINT,
LTD.,

        Defendant.
_____/

    THIS MATTER is before the Court upon the Defendant Partners of Kings Point, Ltd.'s Verified Motion For Attorney's Fees And Costs (DE 83). The Court has carefully reviewed said Motion, the entire Court file herein, and is otherwise fully advised in the premises.

    Plaintiffs Access 4 All, Inc. and Joe Houston initiated the above-styled cause against Defendant Partners of Kings Point, Ltd. by the filing of a Complaint (DE 1) alleging various violations of the Americans With Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12101, et seq. The Court ultimately dismissed the above-styled cause, without prejudice, due to Plaintiffs' lack of standing. See DE 77. By the instant Motion (DE 83), Defendant Partners of Kings Point, Ltd. moves to recover the attorney's fees and costs it incurred in defending this action.

    Attorney's fees and costs may be awarded to a prevailing defendant under the ADA when the Court finds that the plaintiff's

action was "frivolous, unreasonable, or without foundation." See Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978) (Title VII); Bruce v. City of Gainesville, Georgia, 177 F.3d 949, 951-52 (11th Cir. 1999) (ADA). In making this determination, the Court considers (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle the case; and (3) whether the case was dismissed prior to trial or a trial was held on the merits of the claim. Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985); Bruce, 177 F.3d at 952. As the Eleventh Circuit noted in Sullivan, however, "[w]hile these general guidelines can be discerned from the case law, they are general guidelines only and not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." 773 F.2d at 1189.

Prior to undertaking the analysis set forth in Sullivan, however, the Court must first be satisfied that the party seeking fees and costs is indeed the "prevailing party" under the ADA. The Supreme Court has articulated two circumstances under which a party may be considered a "prevailing party" for the purpose of awarding attorney's fees: (1) where there has been an enforceable judgment on the merits; or (2) where there has been a settlement agreement enforceable through a court-ordered consent decree. Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 603-04 (2002). In Buckhannon, the Court

explained that "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." Id. at 604. Thus, there is no "prevailing party" unless there is a corresponding and material alteration in the legal relationship of the parties. Id. at 605.

Here, the above-styled cause was dismissed for Plaintiffs' lack of standing. Unlike a case resolved by a judgment on the merits or a court-ordered consent decree, there is no "material alternation of the legal relationship" between the parties where, as here, a case has been dismissed for a jurisdictional reason such as lack of standing. A dismissal for lack of standing is not the functional equivalent of either a judgment on the merits or a court-ordered consent decree, such that it would entitle a defendant to an award of costs and fees as a prevailing party under the ADA. See Fed. R. Civ. P. 41(b) (noting that all dismissals operate as judgments on the merits except dismissals for lack of jurisdiction, improper venue, or failure to join a party). See also Feezor v. Lopez De-Jesus, 439 F. Supp. 2d 1109, 1110-11 (S.D. Cal. 2006) (citation omitted).

By the instant Motion, Defendant also moves for its costs under Federal Rule of Civil Procedure 68, which provides as follows: "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the

3

costs incurred after the offer was made." Fed. R. Civ. P. 68(d). But Rule 68 provides no relief to Defendant, as neither party ultimately obtained a judgment in this case.

Upon review of the entire court file herein, the Court finds that the Defendant has failed to establish its entitlement to attorney's fees and costs. Specifically, because Defendant is not a prevailing party in this case, it is not entitled to an award of attorney's fees and costs under the ADA or on any other basis.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Partners of Kings Point, Ltd.'s Verified Motion For Attorney's Fees And Costs (DE 83) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___8th___ day of March, 2012.

                     WILLIAM J. ZLOCH
                     United States District Judge

Copies furnished:

All Counsel of Record