IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
**1:11cv79**

| | |
|---|---|
| **NATIONAL ALLIANCE FOR ACCESSIBILITY, INC.**, a Florida Non-Profit Corporation; and **DENISE PAYNE**, individually, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   **ORDER** |
| **BHUNA CORPORATION**, a North Carolina Corporation, | )<br>)<br>) |
| Defendant. | )<br>) |

Pending before the Court is Defendant's Motion for Attorney Fees [# 28]. Plaintiffs brought this action against Defendant alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"). The Court then recommended that the District Court grant Defendant's motion and dismiss this case for lack of standing. The District Court adopted the Memorandum and Recommendation of this Court and dismissed this case. Defendant now moves for an award of attorneys' fees pursuant to 42 U.S.C. § 12205. The Court **DENIES** Defendant's motion [# 28].

-1-

I.      Analysis

That ADA provides that "[i]n any action . . . commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fees . . . ." 42 U.S.C. § 12205.  An award of fees under Section 12205 is subject to the discretion of the trial court.  See Dillery v. City of Sandusky, 398 F.3d 562, 569 (6th Cir. 2005); 42 U.S.C. § 12205.  Unlike a prevailing plaintiff, a prevailing defendant *may* recover its fees in an ADA case only where the plaintiff's claim "was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so."  Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S. Ct. 694 (1978); see also Goldstein v. Costco Wholesale Corp., 337 F. Supp. 2d 771, 774 (E.D. Va. 2004) (holding that Christiansburg standard applies to Section 12205).  Accordingly, Defendant may recover its fees in this case only if: (1) it is a prevailing party within the meaning of Section 12205, and (2) the Court finds that Plaintiffs' claims were frivolous, unreasonable, or groundless.  Assuming Defendant can satisfy these two threshold requirements, then the Court must determine what amount of fees is reasonable under the circumstances.  See Rhoads v. F.D.I.C., 286 F. Supp. 2d 532, 541 (D. Md. 2003).

As a threshold matter, Defendant has not demonstrated that it is a prevailing

party within the meaning of Section 12205.  See generally Buckhannon Bd. & Care home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603, 121 S. Ct. 1835 (2001) (explaining that the term "prevailing party" is a term of legal art and discussing the context in which a party is the prevailing party under the ADA); Hutchinson v. Patrick, 636 F.3d 1 (1st Cir. 2011) (addressing whether a party is a prevailing party under the ADA).  Defendant does not even address this threshold requirement in its motion.  Simply because the Court granted its motion to dismiss and dismissed this action for lack of standing, does not necessarily render Defendant a prevailing party.  See e.g., Davis v. Jackson, 776 F. Supp. 2d 1314, 1318 (M.D. Fla. 2011) (holding that a dismissal for lack of standing under the Clean Water Act does not make a defendant a prevailing party justifying an award of fees); Wendt v. Leonard, 431 F.3d 410, 414 (4th Cir. 2005) (recognizing circuit split as to whether a dismissal for lack of subject matter jurisdiction allows for an award of fees under 42 U.S.C. § 1988).  Because Defendant has not met its initial burden of demonstrating that it is a prevailing party within the meaning of Section 12205, the Court **DENIES** the motion [# 28].[1]

---

[1] Moreover, even assuming that Defendant was a prevailing party, an award of fees is not warranted in this case because the Court cannot find that Plaintiffs' claims were frivolous, unreasonable, or groundless.  See Christiansburg, 434 U.S. at 422.  Although this Court found that Plaintiffs lacked standing to bring this action because the Complaint fails to allege facts demonstrating an actual or imminent injury sufficient to satisfy the injury-in-fact requirement of standing, the

**II.     Conclusion**

The Court **DENIES** Defendant's Motion for Attorney Fees [# 28].


Signed: April 10, 2012

_____

Dennis L. Howell
United States Magistrate Judge

---

Court cannot say that the underlying claims brought by Plaintiffs are groundless or frivolous.   In fact, Plaintiffs may be correct in their assertion that Defendant's facility violates the ADA; Plaintiffs, however, are simply the incorrect parties to bring these issues before the Court.

-4-