UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:20-cv-2475-NYW

Deborah Laufer,
    Plaintiff,
v.

Randall J. Looper,
Cynthia Looper,
dba Elk Runn Inn,
    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date of Conference: November 19, 2020

| For Plaintiff Deborah Laufer: | For Defendants: |
|---|---|
| Suzette M. Marteny Moore | Stephen B. Rotter |
| S. Moore Law | The Workplace Counsel |
| 2690 S. Combee Road | 1401 Lawrence Street, #1600 |
| Lakeland, FL 33803 | Denver, CO 80202 |
| 863-229-2140 | (303) 625-6400 |

### 2. STATEMENT OF JURISDICTION

Plaintiff asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343 because this action arises under the laws of the United States, including Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

1

Defendant asserts the Court does not have subject matter jurisdiction due to Plaintiff's lack of standing as detailed in Defendant's Motion to Dismiss.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs:

Plaintiff is a disabled American, an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA. Plaintiff alleges that Randall J. Looper owns a place of lodging, Elk Run Inn, located at 627 W. Victory Way, Craig, CO 81625, and in connection therewith implements, operates, controls and/or maintains an online reservations system ("ORS") that fails to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). More specifically, prior to filing this action, Plaintiff visited Randall J. Looper's ORS and determined that it did not comply with the Regulations. As such, Plaintiff seeks a declaratory judgment that Randall J. Looper has violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; an order enjoining further violations; her attorneys' fees, litigation costs and expenses; and expert's fees under 42 U.S.C. § 12205.

Plaintiff also alleges that she has a "disability" as that term is defined in CADA Section 24-34-301 and the Randall J. Looper's hotel is a place of public accommodation within the meaning of the CADA, Section 24-34-601. Defendant's failure to provide an ADA-compliant ORS is unlawful and discriminatory because it denies Plaintiff "the full and

equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation" because of her disability. As a result thereof, Plaintiff has suffered humiliation, embarrassment, frustration, segregation, exclusion, the loss of equality of opportunity and full and equal access to Defendant's services and has otherwise been damaged. Accordingly, pursuant to CADA, Section 24-34-802, Plaintiff seeks an order requiring compliance with the provisions of the applicable section; recovery of actual monetary damages; or an award of a statutory fine not to exceed three thousand five hundred dollars and an award of attorney's fees and costs.

b: Defendants:

Plaintiff does not have standing to file the instant lawsuit, is not deprived of any rights provided under the ADA or any other laws, and Defendant is in full compliance as related to its ORS and otherwise regarding ADA requirements. Defendant may raise other defenses as discovery and the investigation proceeds.

### b. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff is a resident of Pasco County, Florida.

2. Defendants own Elk Run Inn located at 627 W. Victory Way, Craig, CO 81625 in the County of Moffat.

### 5. COMPUTATION OF DAMAGES

3

Plaintiff seeks an award of statutory damages under the CADA of $3,500, and award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting. <u>November 12, 2020</u>

b. Names of each participant and party he/she represented.

| For Plaintiff Deborah Laufer: | For Defendants |
|---|---|
| Suzette M. Marteny Moore | Stephen Rotter |
| S. Moore Law | The Workplace Counsel |
| 2690 S. Combee Road | 1401 Lawrence Street #1600 |
| Lakeland, FL 33803 | Denver, CO 80202 |
| 863-229-2140 | (303) 625-6400 |

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

> Plaintiff: Completed on November 12, 2020.  <u>Plaintiff will supplement her Initial Disclosures and propound documents identified in her Initial Disclosures no later than November 20, 2020.</u>
>
> Defendant: ~~Will be addressed after the Court rules on pending motions~~. <u>December 4, 2020.</u>

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P. 26(a)(1).

> Plaintiff: None contemplated
>
> Defendant: ~~Will be addressed after the Court rules on pending motions~~. <u>December 4, 2020.</u>

e. Statement concerning any agreements to conduct informal discovery:

   None.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

   Counsel for the parties agree to work together to resolve discovery disputes as they may arise. Counsel for the parties will agree on a unified exhibit numbering system.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

   Plaintiff's position: Plaintiff's claims may involve discovery of ESI, but such discovery is not anticipated to be "extensive" and in any event is not disproportionate to the claims raised herein.

   Defendants: position: Defendant does not possess extensively electronically stored information relevant to this matter and is not yet sure about what information Plaintiff possesses relevant to the claims and defenses in this matter.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiff's position: Prior to and during the Rule 26(f) conference, the parties discussed the possibilities for a prompt settlement, including early mediation.

Defendants' position: Plaintiff sent a template email to Defendants after filing this lawsuit containing three settlement demand options. Defendants filed their motion to dismiss and may thereafter discuss settlement, but only because litigation is expensive, and Defendants are a mom and pop small hotel hit hard by Covid-19.

## 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

<del>None</del>. <u>Each side may take up to five (5) depositions, including experts, and serve up to twenty-five (25) interrogatories, including discrete subparts.</u>

b. Limitations which any party proposes on the length of depositions.

None. <u>Each deposition may last up to one day of seven (7) hours.</u>

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

None. <u>Each side may serve up to twenty-five (25) requests for production</u>

6

<u>and twenty-five (25) requests for admissions.</u>

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

    45 days before the close of discovery.

e. Other Planning or Discovery Orders

    None.

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

    January 4, 2021

b. Discovery Cut-off:

    May 3, 2021

c. Dispositive Motion Deadline:

    ~~July 31~~ <u>June 4</u>, 2021

d. Expert Witness Disclosure

    1. The parties shall identify anticipated fields of expert testimony, if any.

        At this time, the parties have yet to determine the fields of expert testimony other than as set forth below:

        Plaintiff will have one expert witness to testify regarding the website violations.

        Defendant may have a rebuttal expert to address allegations of website violations.

2. Limitations which the parties propose on the use or number of expert witnesses.

~~The parties propose limiting each party to~~ three expert witnesses per side.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~Defendant~~: March 1, 2021.  <u>This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).</u>

4. The parties shall designate all rebuttal experts and provide counsel and any pro say party with all information specified in Fed. R Civ. P. 26(a)(2) on or before - April 15, 2021.  <u>This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).</u>

<u>Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report</u>

<u>also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.</u>

<u>702 Motion Deadline</u>:  <u>May 14, 2021</u>.

e. Identification of Persons to Be Deposed:

Plaintiff, Deborah Laufer
Plaintiff's expert(s)
Defendant(s)
Defendant's expert(s)

### 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on <u>August 5, 2021</u> at <u>10:00</u> o'clock <u>a.</u>m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

    None.

b. Anticipated length of trial and whether trial is to the court or jury.

    Bench Trial – 2 days

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at the Alfred A. Arraj United States Courthouse 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

    None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client. Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding

over the trial of this case. With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a). Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 19th day of November, 20 20.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| s/ Suzette M. Marteny Moore | s/Stephen B. Rotter |
| **Suzette M. Marteny Moore** | Stephen B. Rotter |
| S. Moore Law, PLLC | The Workplace Counsel |
| 2690 S. Combee Road | 1401 Lawrence Street, #1600 |
| Lakeland, Florida 33803 | Denver, CO 80202 |
| Telephone: (863) 229-2140 | (303) 625-6400 |
| E-mail S.Moore@SMooreLaw.com | *Attorney for Defendants* |
| E-mail Eservice@SMooreLaw.com | |
| *Attorney for Plaintiff, Deborah Laufer* | |