IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:20-cv-02475-NYW

DEBORAH LAUFER,

Plaintiff,

v.

RANDALL J. LOOPER and
CYNTHIA C. LOOPER d/b/a Elk Run Inn,

Defendants.

## REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectfully file this Reply in support of their motion to dismiss this case for lack of subject matter jurisdiction due to lack of standing, or alternatively, failure to state a claim.

### I. PLAINTIFF'S LACK OF STANDING – OTHER JURISDICTIONS

After Defendants filed their Motion to Dismiss, on November 19, 2020, the Northern District of New York dismissed all of Plaintiff's remaining open cases due to lack of standing, including the matter cited by Defendants in its Motion to Dismiss (*Laufer v. Laxmi & Sons*, No. 1:19-cv-1501-BKS-ML (N.D.N.Y.  Nov. 19, 2020).  (Exhibit A.)  Plaintiff filed over 60 cases in the Northern District of New York with nearly-identical complaints filed in her other over 500 cases, including 21 in the District of Colorado.  (*Id*; see also Dkt.# 17-2.)  The Northern District of New York assigned all of the matters to Judge Brenda K. Sannes, presumably because they were all Related Cases (as contemplated under Colorado's Local Rule 3.2), and could therefore be

addressed in a more judicially efficient manner.[1]  After ordering Plaintiff to address whether she had standing in each of her 27 open cases, Plaintiff filed a brief related to her standing argument, subsequently filed an affidavit containing allegations not in the Complaint, and then amended her Complaint to include certain allegations in her affidavit (mirroring paragraphs 5 and 6 in the instant matter but tailored to New York state).  (Exhibit A.)  Judge Sannes thereafter dismissed all of Plaintiff's complaints due to lack of standing.  *Id*.

Plaintiff's nearly-identical causes of action were dismissed for lack of jurisdiction in other Districts as well, including Plaintiff's home state of Florida, and in Maryland and Texas. (*See*, e.g., Exhibit B, containing *Laufer v. Arpan, LLC*, No. 1:19-cv-200-AW-GRJ (N.D.Fl. Sept. 25, 2020)[2]; *Laufer v. Ft. Meade Hospitality, LLC*, No. 8:20-CV-1974-PX (D. Md. Nov. 10, 2020); *Laufer v. BRE/ESA P Portfolio, LLC*, No. CV-SAG-20-1973 (D.Md. Nov. 19, 2020); *Laufer v. Mann Hospitality, LLC*, No. A-20-CV-00620-JRN, 2020 WL 6018945 (W.D. Tex. Sept. 30, 2020).

Defendants request the Court find the District Court decisions, which involve cases duplicative to the instant action, persuasive, and dismiss Plaintiff's Complaint on the same bases.

---

[1] Defendants filed their Motion to Strike Plaintiff's Notice of Pendency and to Show Cause as to why Plaintiff's counsel certified that there were no "Related Cases" in this District or elsewhere, in part, because it would be, as other District Courts found, more judicially efficient to consolidate Plaintiff's cases when jurisdictional issues exist.  Similarly, the Western District of Wisconsin ordered Plaintiff to show cause as to why her over 20 lawsuits filed in that district should not be dismissed for lack of standing (Exhibit E.)

[2] In a parallel filing in this District, Plaintiff, as she did in this matter, argues the *Arpan* Court was wrong because it "grossly misinterpreted or ignored binding precedent and judicially re-wrote the statute to change its plain meaning" but does not deny Plaintiff's case was dismissed due to lack of standing and fails to provide any contrary ruling by a higher court related to Plaintiff.  *Laufer v. 2500 Araphahoe Street, LLC*, No. 20-cv-2405-KLM, Dkt# 20 (D. Colo. October 20, 2020).

## II. APPLICABLE STANDARDS

Defendants filed their Motion to Dismiss based first on lack of standing pursuant to Rule 12(b)(1), which is a threshold jurisdictional issue, and, in the alternative, under Rule 12(b)(6) for failure to state a claim.

When considering a 12(b)(1) motion if the attack on the Complaint is facial, the Court must take the Plaintiff's allegations as true, and if the attack goes beyond the mere allegations to challenge underlying facts, the Court should not take Plaintiff's allegations as true but may allow affidavits to resolve disputed jurisdictional facts. *See*, e.g., *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Either way, "a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id*.

### III.   Plaintiff Lacks Standing

As an initial matter, Plaintiff's alleged tester status is not enough to confer standing; she remains subject to the same standing requirements as any other plaintiff claiming injury and seeking injunctive relief. See, e.g., *Houston v. Marod Supermarkets, Inc*., 733 F.3d 1323, 1328-29 (11th Cir. 2013) (finding that while "tester status" does not preclude an individual from bringing a claim under Title III of the ADA, it does not preclude the individual's obligation to prove standing including having an "injury-in-fact."). Thus, Plaintiff's argument regarding her "tester status" may be put aside for purposes of meeting her threshold requirement.

It is abundantly clear Plaintiff failed to meet her burden of demonstrating she has a "concrete" injury or that it is "real" and not "abstract." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1). The "[i]nability to obtain information is sufficiently concrete to constitute injury in fact only when the information has some

relevance to the litigant." *Griffin v. Department of Labor Federal Credit Union*, 912 F.3d 649, 652 (4th Cir. 2019) (citing *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998)); *see also Lujan*, 504 U.S. at 564 (finding intent to visit the place of alleged injury "some day" is insufficient for standing purposes.).

In her Complaint, Plaintiff utterly failed to allege any concrete or real injury, which Defendants' Motion to Dismiss addresses in detail and is supported by case law relevant to the same or similar ADA Title III claims. As the Court stated in *Laufer v. Mann Hospitality, LLC*:

> Nor does Plaintiff's attempt to stitch together an alternative understanding of "injury-in-fact" overcome the requirement to establish a concrete or particularized threat of future injury by demonstrating likelihood of returning to an area. When determining likelihood to return, Courts typically consider four factors. *See Deutsch v. Abijaoude*, 2017 WL 913813, at *2–3. They are: "(1) the proximity of the defendant's business to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business, (3) the definiteness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant." *Id*. **The Court must judge likelihood of return at the time suit was filed, and post-suit attempts to bolster standing cannot help**. *Id*. at *3 (*citing Access 4 All*, 2005 WL 2989307, at *3)

2020 WL 6018945 (Nov. 30, 2020) (emphasis added). Because Plaintiff failed to meet her burden at the time her suit was filed, as demonstrated in Defendants' Motion to Dismiss, her Complaint should be dismissed.

Even if, however, the Court considers Plaintiff's affidavit to determine standing, which she evidently filed in an apparent attempt to bridge the gap between an "abstract" injury and one that is "real," it does nothing but destroy her credibility and further demonstrates her alleged desire to travel to Colorado is even more ambiguous and indeterminate than she otherwise alleged in her Complaint. As part of her affidavit, Plaintiff asserts the following:

> My niece lives in Colorado, I have visited her several times, and visit approximately once each year. I have plans to travel to there as soon as the Covid crisis is over and

> it is safe to travel. I intend to travel all throughout the State, and I need to stay in hotels when I go.

(Dkt# 21-2, ¶ 5.)  This statement is insincere and misleading for the following reasons:

1. Plaintiff filed the same affidavit in another case in this district but at the outset of Paragraph five she alleges, "My *Daughter* lives in Colorado…" *Laufer v. 2500 Arapahoe Street LLC*, No. 1:20-cv-2405, Dkt.# 20-1, ¶ 5. (Exhibit C.) (emphasis added). It is incredible Plaintiff would forget to mention that her daughter lives in Colorado, especially if she is attempting to establish a valid reason for her visiting Colorado. Likewise, it is absurd Plaintiff would not mention in each of her Complaints that she intends to visit Colorado to see both her daughter and niece, or state the same in her affidavit(s).

2. Plaintiff does not explain why she allegedly intends to "travel all throughout the State" upon arriving in Colorado (which is the same language she uses in each of her affidavits filed across the country, see below). It is even more unclear as to why she would visit Defendants' lodge in Craig, Colorado, even if she were to visit the state. Indeed, at no time does she mention Craig, Colorado, as the home of her niece, or daughter for that matter, and she provides no reason to visit a small mountain town with a population of 9,500 located west of Steamboat Springs, and 4.5 hours from Denver International Airport.[3]

3. Plaintiff affirms her travel intentions are completely uncertain by admitting she has no idea when she will come to Colorado and provides no information as to what towns she will visit – only that she will travel "as soon as the Covid crisis is over."

---

[3] In no way is this statement meant to infer Craig, Colorado, is not a beautiful mountain town with friendly people, fun activities, and outstanding places of lodging. Instead, it further evidences Plaintiff's lack of credibility regarding her intent to visit Colorado at all, never mind decide to travel with her ailments to the far corner of the state for no apparent reason.

4.      Based on Plaintiff's affidavits filed in numerous other matters prior to the instant case, she presumably intends to travel to, and throughout, every state where she filed a lawsuit at some unknown point in time after the national pandemic is "over," including Connecticut, Washington, D.C., Florida, Georgia, Illinois, Indiana, Maryland, New Jersey, New York, Texas and Wisconsin; and then to Colorado.  This statement also belies logic – especially when Plaintiff is required to show some actual plan or particularity related to her intent to travel to support her alleged injury caused by Defendants' website.  (*See* Dkt.# 17-2; and Exhibit D containing Plaintiff's sworn statements to visit and "travel around in" numerous states before Colorado after "the Covid crisis is over," including Connecticut, Washington, D.C., Illinois, New York, Texas, and Wisconsin).

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's Complaint for lack of standing, or, in the alternative, for failure to state a claim and award Defendants their reasonable attorney's fees and costs incurred in the defense of this matter.[4]

Respectfully submitted November 27, 2020.

THE WORKPLACE COUNSEL

*s/ Stephen Rotter*
Stephen Rotter
1401 Lawrence Street, Suite 1600
Denver, Colorado  80202
303.625.6400
stephen@theworkplacecounsel.com

*Attorney for Defendants*

---

[4] Because Plaintiff's Motion to Dismiss Response contains no legally cognizable arguments related to the Court's discretion to award attorney's fees under 28 U.S.C. § 1919, and did not recognize the awarding of attorney's fees as "costs" under Title III of the ADA (as courts ordered in Plaintiff's other matters in various districts), Defendants do not further address attorney's fees herein.

**CERTIFICATE OF SERVICE**

I hereby certify I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will electronically serve all parties.

*s/ Stephen B. Rotter*
Stephen B. Rotter