**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-02475-NYW

DEBORAH LAUFER,

    Plaintiff,

v.

RANDALL J. LOOPER, and
CYNTHIA C. LOOPER,

    Defendants.

**ORDER ON MOTION TO STAY**

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendants Randall Looper and Cynthia Looper's (collectively, "Defendants") Motion to Stay Scheduling Order Deadlines (the "Motion to Stay" or "Motion"), filed November 25, 2020. [#27]. The court considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes. *See* [#13]. The court concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, having reviewed the Motion and Response,[1] the applicable case law, and being fully advised in its premise, the court **GRANTS** the Motion to Stay for the following reasons.

## BACKGROUND

Plaintiff Deborah Laufer ("Plaintiff" or "Ms. Laufer") initiated this civil action by filing her Complaint in this court, asserting Defendants violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.* [#1]. Plaintiff, a resident of Pasco County,

---

[1] The court prohibited the filing of any replies absent leave of the court, *see* [#30], and now concludes that it is appropriate to rule on the Motion to Stay without any further briefing. *See* D.C.COLO.LCivR 7.1(d) (allowing the court to rule on a motion at any time).

Florida, alleges she is a qualified individual with a disability under the ADA because she requires the use of a wheelchair or a cane when ambulating more than a few steps. [*Id.* at ¶ 1]. Plaintiff alleges Defendants own and operate a place of public accommodation called the Elk Run Inn located in Craig, Colorado. [*Id.* at ¶ 3]. According to Plaintiff, Defendants have violated Title III of the ADA because their online reservation system does not allow disabled patrons the ability to book, review, or request a handicap accessible room. *See* [*id.* at ¶¶ 7-11]. This, Plaintiff asserts, deprives her of Defendants' goods and services that are available to non-disabled individuals. *See generally* [*id.* at ¶¶ 11-21]. Accordingly, Plaintiff's Complaint asserts a claim for violations of Title III and (though styled a claim) damages and attorney's fees under the Colorado Anti-Discrimination Act ("CADA"). *See generally* [#1].[2]

Relevant here, on October 21, 2020, Defendants filed a Motion to Dismiss for Lack of Standing or Failure to State a Claim (the "Motion to Dismiss"). [#17]. Defendants argue that Ms. Laufer lacks standing to sue because she has not suffered a particularized and concrete injury. *See generally* [*id.*]. At the Scheduling Conference, Defendants indicated their intent to stay discovery pending the court's ruling on the Motion to Dismiss, *see* [#23; #25], and they filed the instant Motion to Stay on November 25, 2020, [#27]. Plaintiff opposes the Motion. [#31]. I consider the Parties' arguments below.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every

---

[2] This court's independent review of this District's Electronic Court Filing system reveals that Ms. Laufer has filed approximately 28 lawsuits in this District asserting similar claims under Title III.

action.'" *Sutton v. Everest Nat'l Ins. Co.*, No. 07 CV 00425 WYD BNB, 2007 WL 1395309, at *1 (D. Colo. May 9, 2007). Nonetheless, when ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). But "stays of the normal proceedings of a court matter should be the exception rather than the rule," *Christou v. Beatport, LLC*, No. 10-CV-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011), and courts in this District generally disfavor stays, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. CIVA 06CV02419PSFBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

## ANALYSIS

Defendants request that the court stay all Scheduling Order deadlines "for 90 days to allow the Court time to rule on the pending Motion to Dismiss and Motion to Strike." [#27 at ¶ 8]. They contend that "there is a reasonable probability Plaintiff's entire care will be dismissed due to her lack of standing – a threshold question for the Court which weighs in favor of staying discovery." [*Id.* at ¶ 10]. Defendants next aver that Plaintiff filed two nearly identical Complaints in this District and so a finding that Plaintiff lacks standing may affect other cases. [*Id.* at ¶ 12]. Moreover, Defendants argue that Plaintiff has intimated that her intention is to raise awareness over non-compliant online reservations systems, and that she has no interest in traveling to Colorado during the current COVID-19 pandemic, and thus there is no need to engage in expensive discovery presently. *See* [*id.* at ¶¶ 14-17].

3

Plaintiff opposes the Motion, arguing that she will be prejudiced by an indefinite stay. [#31 at 4]. She continues that Defendants fail to articulate an undue burden should discovery commences, because, as Defendants suggest, discovery in this matter is likely straightforward and can be easily completed within the deadline provided. *See* [*id.*]. Ms. Laufer also argues that a stay would likely inconvenience the court by delaying this matter unnecessarily, especially if Plaintiff can amend her Complaint to cure any standing deficiencies, and that no other considerations warrant a stay. *See* [*id.* at 4-7].

To start, a stay is not warranted merely because Defendant filed a Motion to Dismiss that they believe is dispositive of the matter. *See Church Mut. Ins. Co. v. Coutu*, No. 17-CV-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017) ("[N]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case" when considering the appropriateness of a stay). But courts are more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues. *See, e.g.*, *Burkitt v. Pomeroy*, No. 15-CV-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."); *Morrill v. Stefani*, No. 17-CV-00123-WJM-KMT, 2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017) (staying discovery pending outcome of Motion to Dismiss based on personal jurisdiction and improper venue); *Sallie v. Spanish Basketball Fed'n*, No. 12-CV-01095-REB-KMT, 2013 WL 5253028, at *2 (D. Colo. Sept. 17, 2013) (same). Indeed, "[s]tanding is a threshold requirement, and without it, the Court lacks jurisdiction," and thus a stay of discovery may be "appropriate until the standing issue is resolved."

4

*Sladek v. City of Colorado Springs*, No. 13-CV-02165-PAB-MEH, 2013 WL 5526582, at *2 (D. Colo. Oct. 7, 2013) (staying discovery pending standing inquiry).

In addition, the court concludes that the balance of the *String Cheese* factors favors a brief stay in this matter. First, the court is not entirely convinced that Ms. Laufer does not have an interest in proceeding expeditiously with this matter. Indeed, granting a stay pending resolution of Defendants' Motion to Dismiss "could substantially delay the ultimate resolution of the matter, with injurious consequences." *Chavez*, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Thus, this factor weighs against a stay.

Second, notwithstanding the court's conclusion above, I conclude any interest Ms. Laufer has in proceeding expeditiously is outweighed by the potential burden on Defendants. As Defendants note, this case is one of many related cases filed by Ms. Laufer in this District, and Defendants have raised a challenge to Ms. Laufer's standing to bring suit. Under such circumstances, courts have found any interest in proceeding expeditiously "overcome by the burden Defendants might face if they were forced to proceed with discovery only to have the case dismissed for lack of subject matter jurisdiction." *Castro v. Holmberg*, No. 14-CV-00791-LTB-KMT, 2014 WL 4122175, at *2 (D. Colo. Aug. 21, 2014). Thus, the court concludes that this factor weighs in favor of a stay. Indeed, a court that lacks subject matter jurisdiction cannot make any determinations as to the merits of a claim. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-17 (10th Cir. 2006).

Third, the court concludes its own convenience favors a stay of discovery. While this court generally favors a proactive approach to discovery and case management, "any inconvenience in rescheduling the docket is outweighed by the potential waste of judicial resources if discovery were to proceed in the absence of jurisdiction." *Wyers Prod. Grp. v. Cequent Performance Prod.*,

5

*Inc.*, No. 12-CV-02640-REB-KMT, 2013 WL 2466917, at *3 (D. Colo. June 7, 2013). Thus, the court concludes that this factor weighs in favor of a stay.

Finally, the court concludes that it is unclear to what extent the interests of the public and/or nonparties will be impacted by discovery in this matter. To the extent that the alleged deficiencies of Defendants' reservation system affects individuals other than Ms. Laufer, this court notes that the travel advisories associated with the current COVID-19 pandemic likely blunt any adverse impacts of a limited stay. Thus, these factors neither favor nor counsel against a stay.

In sum, the court concludes that the balance of the *String Cheese* factors, and the resolution of threshold jurisdictional issues, weigh in favor of granting a temporary stay of this matter while the court considers the Motion to Dismiss. Accordingly, the court will stay discovery for no more than 90 days, pending its disposition of the Motion to Dismiss or further order of the court.

## CONCLUSION

For the reasons stated herein, **IT IS ODERED** that:

(1)     Defendants' Motion to Stay [#27] is **GRANTED**;

(2)     This matter is herby **STAYED** for a period up to 90 days (March 8, 2021), pending the court's disposition of the pending Motion to Dismiss or further order of the court;

(3)     Within three (3) business days on an order on the Motion to Dismiss or order lifting the stay, the Parties shall jointly contact chambers at Wang_Chambers@cod.uscourts.gov to discuss setting this matter for a Status Conference if required.

DATED: December 8, 2020                    BY THE COURT:

                                           _____
                                           Nina Y. Wang
                                           United States Magistrate Judge

6