IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:20 cv 2475-NYW

DEBORAH LAUFER,

Plaintiff,

v.

RANDALL J. LOOPER, and
CYNTHIA C. LOOPER d/b/a Elk Run Inn,

Defendants.

## RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Defendants respond to Plaintiff's Motion for Leave to Amend Complaint ("Plaintiff's Motion") and request the Court deny it because it is filed as untimely and with undue delay, in bad faith, is prejudicial to Defendants, and is futile based on her proposed amendments.

### I.   BACKGROUND

On August 18, 2020, Plaintiff filed her complaint to initiate the present action.  (Dkt# 1.) On October 21, 2020, Defendants moved to dismiss this matter based on lack of standing. (Dkt# 17.)   Rather than filing an amended complaint to cure certain deficiencies contained in her complaint, on November 12, 2020, Plaintiff responded to Defendants' Motion to Dismiss.  (Dkt# 21.)  After fully briefing Plaintiff's lack of standing issue, on December 8, 2020, the Court granted Defendants' Motion to Stay for up to 90 days and until such time the Court could consider the Parties' standing arguments and issue an Order on the same.  (Dkt# 33.)  On January 11, 2021, the Court dismissed this matter without prejudice and issued judgment the next day thereby closing

this case.  On January 15, 2021, Plaintiff requested leave to file an Amended Complaint and submitted it with redlines reflecting her limited amendments, including: a. Plaintiff's travel plans ("Travel Plans") and b. allegations related to Defendants' online reservation system allegations ("Website Review").[1]  (Dkt.#41 at ¶¶ 11 and 12, respectively.)

## II.   LEGAL STANDARD

"The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Gallegos v. Adams Cty. Sch. Dist. 14*, No. 17-CV-00306-CMA-NYW, 2017 WL 4236320, at *3 (D. Colo. Sept. 25, 2017) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  "[T]he grant or denial of an opportunity to amend [a complaint] is within the discretion of the District Court…"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   ANALYSIS

A.  Untimeliness and Undue Delay

"It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank*, 3 F.3d at 1365-66 (citing *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991); *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990); and *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1133 (10th Cir.1987)).

Further, "[w]here the party seeking amendment knows or should have known of the facts

---

[1] Notably, Plaintiff failed to revise one of her primary ORS/website allegation errors when naming "edloralodge.com" as a website under Defendants' control, which it is not.  (Amended Complaint at ¶ 12.)

upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice*, 893 F.2d at 1185.

Plaintiff had ample opportunity in this matter to seek leave to file an Amended Complaint and was put on notice of the need to do so when Defendants filed their Motion to Dismiss. (Dkt.# 17.) Plaintiff does not provide a reason as to why Plaintiff's Motion is filed untimely, or as to why she waited until after this matter was closed until requesting leave to amend her complaint. (*See* Plaintiff's Motion.) Indeed, Plaintiff admits she was on notice approximately three months ago that her complaint was deficient: "[Plaintiff] submits that that the amended complaint remedies the concerns raised in Defendants' Motion to Dismiss." (Dkt#41, p.1.)

Moreover, considering Plaintiff's knowledge of prior court orders dismissing her complaints throughout the country because of lack of standing, including those cited in the Motion to Dismiss briefings and the Court's Dismissal Order,[2] Plaintiff had adequate notice of her complaint's deficiencies (i.e., she knew "of the facts upon which the proposed amendment is based but fail[ed] to include them in the original complaint")[3] well before filing the instant matter or the 40 other complaints now filed in this District based on the same causes of action.

As the Court succinctly and deliberately stated on January 14, 2021:

> [N]othing under either [Federal Rule 15(a)(1B) or Local Rule 15.1] provides Plaintiff the right to file an Amended Complaint as a matter of course, especially after the court's disposition of the Motion to Dismiss and the entry of Final Judgment. Indeed, Plaintiff did not seek leave to amend at any point prior to the court's ruling on the Motion to Dismiss or the entry of Final Judgment.

(Dkt# 40.) For these reasons, Defendants respectfully request the Court deny Plaintiff's Motion

---

[2] Defendants incorporate such cases herein.

[3] *Las Vegas Ice*, 893 F.2d at 1185.

and, further, dismiss this matter with prejudice.

B.      Bad Faith and Prejudice to Defendants

Similarly, Plaintiff's Motion is filed in bad faith and is highly prejudicial to Defendants – especially after the Court's Order on January 14, 2021, declaring that Plaintiff has no right to seek leave to file an Amended Complaint.  (*Id*.)  Plaintiff's Motion provides no additional rule of law or citation to applicable cases divergent from the basis of the Court's Order.

Instead, it is evident Plaintiff desires the Court re-open this matter and force a "do-over," causing Defendants to spend additional money and time defending against a plaintiff already to have been found by this Court, and other courts nationally, not to have standing in relation to her claims.  (*See*, e.g., *Trans Video Elecs., Ltd. v. Sony Elecs., Inc*., 278 F.R.D. 505, 510 (N.D. Cal. 2011), *aff'd*, 475 F. App'x 334 (Fed. Cir. 2012) (denying Plaintiff's motion to amend complaint and stating, "[t]he Court agrees with [Defendant] that the motion to amend was taken in bad faith, more specifically, as a last-ditch attempt to avoid the case being dismissed in its entirety."))

Further, as detailed below, Plaintiff's new amendments are futile and do not suddenly confer standing upon the Plaintiff.  It is therefore filed in bad faith and in an effort for Plaintiff to attempt to create leverage and force Defendants to pay a settlement sum.  In fact, on the same day plaintiff's counsel filed Plaintiff's Motion, and after this matter was closed, Plaintiff's counsel sent an email to the undersigned making a new settlement demand to resolve the entire matter.

The Court's finding in GSS Properties, Inc. v. Kendale Shopping Ctr., Inc., is instructive in this regard:

> it appears that plaintiff was fully advised of the facts constituting the amendment prior to filing suit in this action. The delay may be deemed blatant in the sense that plaintiff clearly knew of these facts prior to filing this action, yet did not make the proposed causes of action part of the original complaint and, in fact, went through

> an initial pretrial conference and scheduling order pursuant to Rule 16(b)(1), Fed.R.Civ.P., without disclosing to the Court that amending the complaint was a possibility.
> …
> The blatant delay, in combination with the showing of plaintiff's bad faith in submitting the amendment, is sufficient to deny plaintiff's motion to amend. Bad faith amendments are those which may be abusive or made in order to secure some ulterior tactical advantage. *See* 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1487 n. 63 (1971 and 1987 Supp.). Generally, when a plaintiff withholds his true position from his opponent, especially when done for some ulterior purpose, the Court may view the action as having a bad faith motive unless satisfactory explanation clearly shows otherwise.
>
> Parties have an obligation to introduce, at the earliest stage of the litigation as possible, the matters upon which they want to rely in supporting their claim or defense. 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1488 at 444 (1971). In the instant case, the Court finds bad faith in plaintiff's withholding facts clearly known to it prior to the filing of the complaint and then moving to amend the complaint where the evidence suggests that plaintiff had an ulterior purpose of either attempting to force defendant to settle or punishing defendant for failing to settle. The blatant nature of the delay combined with this finding of bad faith persuades the Court to exercise its discretion and deny the motion to amend the complaint.

119 F.R.D. 379, 381 (M.D.N.C. 1988). Because Plaintiff's Motion was filed in bad faith and is highly prejudicial to Defendants, it should be dismissed.

C.     Futility

Plaintiff's Amended Complaint does not contain any substantive changes to reverse, contradict, or otherwise challenge the basis for this Court's Dismissal Order; it is therefore futile for Plaintiff to file an Amended Complaint. "[I]f the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim," it is proper for a court to deny amendment of a complaint, and the decision will be upheld. *Janis v. Reno*, 98 F.3d 1349 (10th Cir. 1996) (finding "amendment [of the complaint] would have been futile"). *See also*, e.g., *Beal Corp. Liquidating Tr. v. Valleylab, Inc.*, 927 F. Supp. 1350, 1374 (D. Colo. 1996) (denying motion

for leave to amend complaint because Plaintiff's "proposed changes are futile…[and] do not affect the analysis of [Defendant's] Motion to dismiss."); and *Arkansas-Platte & Gulf P'ship v. Dow Chem. Co.*, 886 F. Supp. 762, 765 (D. Colo. 1995) (stating, "[a]lthough Fed.R.Civ.P. 15(a) requires leave to amend be given freely, that requirement does not apply where an amendment obviously would be futile. Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.")[4];

  While Plaintiff amended her Travel Plans in regard to her alleged, eventual trip to Colorado, these are no different than the allegations regarding travel she previously made – except to provide a few additional non-material details. (*See* Dkt.# 41 - Plaintiff's Amended Complaint ¶ 11; and Dkt. #21-1 – Plaintiff's Declaration).  In both, Plaintiff alleges she will visit family in Colorado, has visited Colorado in the past including one time per year, will travel throughout the state when she arrives, and will make the trip as soon as the Covid pandemic is over.  (*Id*.)  Thus, she provides no rationale for the Court to reverse its prior decision dismissing the matter.

Importantly, Plaintiff's Amended Complaint does not address the deficiencies in her initial allegations for which the Court found she lacked standing because she did not allege or establish any concrete or particularized injury, including:

 a. Failure to allege that, "Defendants' online reservation system interfered with [Plaintiff's] ability to book an accessible room…at some concrete time." (Dkt.# 37, p.10.)

 b. Failure to allege Plaintiff had "any intent to stay at Defendants' PPA in the foreseeable future and that the lack of information regarding accessible rooms hindered her ability to

---

[4] Citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993) and *T.V. Communications Network, Inc. v. Turner Network Television, Inc.,* 964 F.2d 1022, 1028 (10th Cir.).

do so." (*Id*. at pp. 10-11.)

c. Failure to allege Plaintiff planned to travel specifically to Craig, Colorado, where Defendants' hotel is located. (*Id*. at p. 12.)

d. Plaintiff's allegation to travel on the date she filed suit, August 18, 2020, "cannot confer standing on her now." (*Id*. at p. 11.)

e. Plaintiff's allegation that she will travel "all throughout the United States" remains abstract – even with the additional detail she now provides regarding her potential driving route.

Additionally, in an effort to support her allegations of Defendant's website noncompliance, Plaintiff now alleges she "reviewed the ORS to compare its accessible features with other hotels in ascertaining what hotel she can stay in during her upcoming trip" but these amendments related to her Website Review and Travel Plans do nothing to cure the Court's finding that:

> [Plaintiff's] Complaint contains no allegations demonstrating an intent to use the online reservation system to procure an accessible room for her actual use at a time certain. Further, her declaration contains only conjectural or speculative assertions that she intends to visit Colorado in the future and no suggestion that she specifically seeks to visit Craig, Colorado. This is insufficient.

(Dkt# 37, p.16.)

Finally, Defendants request the Court take judicial notice of Plaintiff's testimony and the court's findings in *Laufer v. Naranda Hotels*, 2020 WL 7384726 (D. Md. 2020), which underlie the futile nature of Plaintiff's Amended Complaint and, frankly, her allegations in all of her actions throughout the United States. (*See* Dkt #35-1.) For example, Plaintiff's Travel Plans indicate Plaintiff will "bring her grandchild along on [her] trip as an educational excursion and will tour many states along the East Coast, the northern states, then the southern states, and through Texas on the return trip home." (Plaintiff's

Motion ¶ 11.)  Not only does Plaintiff's allegations beg the question of how Plaintiff will travel the entire country with her granddaughter in the face of the current national pandemic (or at some point whenever it resolves), but as the Naranda Hotels court found:

> [Plaintiff] testified that her daughter will be the driver during the trip. *See Recording of December 1, 2020 H'rg.* At the same time, however, she also testified that her daughter works full-time, such that Plaintiff is responsible for home schooling her granddaughter. *Id*. When asked about how her daughter can drive her on this extensive road trip while working full-time, Plaintiff explained that her daughter does "computer entry stuff...so that she can do that [on her laptop] from the car while we travel." *See Recording of December 1, 2020 H'rg.* It goes without saying that it is impossible for Plaintiff's daughter to be entering data on her laptop in the car while also driving Plaintiff hundreds of miles up I-95, or to various sightseeing destinations.

Indeed, Plaintiff's Amended Complaint does not allege her daughter would also take the road trip and would be driving (but does point out she has "limited use of her hands"), makes no mention of where her "daughter," "niece," or "family" live in Colorado, which "points of interest," "mountains," or "other attractions" she intends to visit, or why she would travel to the "northwestern area." (Plaintiff's Amended Complaint ¶ 11.)  For these reasons, Plaintiff requests the Court deny Plaintiff's Motion and dismiss the case in its entirety with prejudice.

WHEREFORE, Defendants respectfully request this Court deny Plaintiff's Motion to Amend Complaint and dismiss this matter with prejudice.   Plaintiff also renews its motion for attorney's fees under the Court's authority to grant costs under 28 U.S.C. 1919.  (*See*, e.g, *Laufer v. Mann Hospitality*, 2020 WL 6018945 (W.D. Tex. 2020) (finding "Section 1919 is permissive, allows the district court to award 'just costs' and does not turn on which party is the 'prevailing party.'" *Deutsh v. Abijaoude,* 2017 WL 913813, at *6 (W.D. Tex. 2017.). The Court finds that it is appropriate that Defendant be awarded its attorneys' fees and costs."))

Respectfully submitted on January 22, 2021.

THE WORKPLACE COUNSEL

*s/ Stephen Rotter*
Stephen Rotter
1401 Lawrence Street, Suite 1600
Denver, Colorado  80202
303.625.6400
stephen@theworkplacecounsel.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will electronically serve all parties.

*s/ Stephen B. Rotter*
Stephen B. Rotter